UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-552-F

| | |
|---|---|
| ISCO INDUSTRIES, LLC, a Kentucky limited liability company, ) ) ) Plaintiff, ) ) ) v. ) ) CARL D. ERDLE, an adult individual, ) ) Defendant. ) | ORDER |

ISCO INDUSTRIES, LLC, a Kentucky limited liability company,

        Plaintiff,

v.

CARL D. ERDLE, an adult individual,

        Defendant.

ORDER

This matter is before the court upon the Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [DE-9] filed by Plaintiff ISCO Industries, LLC ("ISCO") against Defendant Carl D. Erdle ("Erdle"). In the instant motion, ISCO specifically seeks a temporary restraining order until such time the court has an opportunity to consider a request for preliminary injunction.

Rule 65 of the Federal Rules of Civil Procedure govern the issuances of injunctions and restraining orders. Rule 65(b)(1) states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P.65(b)(1). Here, even if the court assumes that sufficient facts have been stated showing immediate and irreparable injury, ISCO has not certified in writing any efforts made to put Erdle on

notice of the motion, nor has it offered any reason as to why such notice should not be required in satisfaction of the "stringent restrictions" of Rule 65(b)(1). *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974) (citation omitted). The requirements of Rule 65(b)(1) are not mere technical niceties that a court may disregard, but rather crucial safeguards of due process. *Tchienkou v. Net Trust* Mortg., No. 3:10-CV-00023, 2010 WL 2375882, at *1, (W.D.Va. June 09, 2010) (citation omitted). Accordingly, ISCO's motion [DE-9] hereby is **DENIED**.

SO ORDERED.

This the 24th day of October, 2011.

JAMES C. FOX
Senior United States District Judge