UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-552-F

| | |
|---|---|
| ISCO INDUSTRIES, LLC, a Kentucky limited liability company, ) ) ) | |
| Plaintiff, ) ) ) | **ORDER** |
| v. ) ) | |
| CARL D. ERDLE, an adult individual, ) ) | |
| Defendant. ) | |

This matter is before the court upon the Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [DE-16] filed by Plaintiff ISCO Industries, LLC ("ISCO") against Defendant Carl D. Erdle ("Erdle"). In the instant motion, ISCO specifically seeks a temporary restraining order until such time the court has an opportunity to rule on the motion for preliminary injunction.

## I. BACKGROUND

This action arises out of a complaint filed on October 11, 2011, by ISCO claiming that Erdle breached the terms and conditions as set forth in the Non-Disclosure and Non-Competition, Non-Solicitation Agreements consummated on August 25, 2003. Summons was issued as to Erdle on October 13, 2011 and, on October 25, 2011, ISCO submitted Proof of Service indicating that Erdle has been properly served with process. *See* [DE-15].

On October 18, 2011, ISCO filed its first Motion for Temporary Restraining Order,

1

Preliminary Injunction, and Permanent Injunction [DE-9]. The court, on October 24, 2011, issued an Order [DE-14] denying ISCO's request for temporary injunctive relief for failure to abide by the requirements under Rule 65(b) of the Federal Rules of Civil Procedure, namely, that the moving counsel certifies in writing any efforts made to give notice and the reasons why it should not be required.

On October 25, 2011, ISCO filed its second Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [DE-16], this time attaching the affidavit of Andrew L. Fitzgerald, co-counsel for ISCO. The affidavit provides that Erdle was served by a process server with a copy of the Complaint and Summons in this matter on October 19, 2011 and also certifies that a copy of the Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction was sent to Erdle via Priority Mail on the same date and that it has not been returned to ISCO as undeliverable. *See* [DE-16], Ex. 12.

In the second Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, ISCO specifically seeks the following relief:

> a. For a temporary restraining order enjoining Erdle to perform the Non-Compete Agreement by not engaging in any business, acquiring an interest in any business or profession, or serving as an agent, lender, member, officer, partner, director, employee, investor, proprietor, consultant, stockholder, representative, or independent contractor of any business, that competes with the business of ISCO or any affiliate (and their respective assignees and successors in interest) within thirty (30) miles of any location where ISCO does business and Erdle provided services for ISCO during the term of his employment with ISCO, for a period of thirty-six (36) months, until such time as the Court enters a preliminary injunction and then a permanent injunction so enjoining Erdle;
>
> b. For a temporary restraining order enjoining Erdle from diverting, contacting, soliciting, doing business with or attempting to do any of these with any existing or prospective ISCO customer or with any person who has been an ISCO customer at any time within two years before Erdle's separation from employment, until such

time as the Court enters a preliminary injunction and then a permanent injunction so enjoining Erdle;

c. For a temporary restraining order enjoining Erdle from directing or otherwise targeting any selling, marketing, or promotional efforts of any person at any existing or prospective ISCO customer, until such time as the Court enters a preliminary injunction and then a permanent injunction so enjoining Erdle;

d. For a temporary restraining order enjoining Erdle from divulging any non-public information, knowledge or data relating to ISCO's business that Erdle obtained while he was employed by ISCO, until such time as the Court enters a preliminary injunction and then a permanent injunction so enjoining Erdle;

e. For a temporary restraining order enjoining Erdle from disclosing any of ISCO's financial information, until such time as the Court enters a preliminary injunction and then a permanent injunction so enjoining Erdle;

f. For a temporary restraining order enjoining Erdle to identify and return to ISCO all memoranda, notes, records, code books, papers, customer lists and other documents and all copies thereof relating to ISCO's business or its subsidiaries or affiliates within Erdle's custody, possession or control, until such time as the Court enters a preliminary injunction and then a permanent injunction so enjoining Erdle;

h. For attorneys' fees and costs incurred in obtaining all temporary and permanent injunctive relief; and

i. For such other, further relief as the Court deems appropriate.

[DE-16], Mot. for TRO, pp. 9 - 10. This matter is now ripe for ruling.

## II. DISCUSSION

Rule 65 of the Federal Rules of Civil Procedure govern the issuances of injunctions and restraining orders. Rule 65(b)(1) states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

3

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P.65(b)(1). Here, with the second Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [DE-16], ISCO has provided an affidavit of Andrew L. Fitzgerald, co-counsel for ISCO, which certifies that a copy the instant motion was mailed to Erdle. *See* [DE-16], Ex. 12. As it appears that the proper certification of notice has now been filed, the court is free to consider the substantive merits of issuing a temporary restraining order under Rule 65(b)(1)(A).

The court may grant a temporary restraining order if the moving party establishes four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds* 130 S.Ct. 2371 (2010), *reinstated in relevant part on remand* 607 F.3d 355 (4th Cir. 2010) (per curiam). All four requirements must be satisfied. *Id.* These requirements will be addressed in turn.

### A. Likelihood of Success on the Merits

First, upon careful consideration of the record, it appears that ISCO is likely to succeed on the merits of the case. ISCO has provided the court with copies of the Non-Disclosure and Non-Competition, Non-Solicitation Agreements which seemingly indicate that Erdle acknowledged and agreed to abide by the terms and conditions of such agreements, which included, *inter alia*, an accord to protect the business interests of ISCO, including trade secrets and other important confidential information such as information regarding substantial relationships with existing or

4

prospective vendors, suppliers, customers, contractors, consultants, and independent contractors. *See* [DE-16], Mot. for TRO, Ex. B, C. Moreover, upon review, it appears that the restrictive covenants in these agreements are sufficiently reasonable and appropriate, limited in geography, and temporal in time. It also appears that the agreements provides for injunctive relief to enjoin and restrain should a breach occur. *See* [DE-16], Mot. for TRO, Ex. B, C. Furthermore, ISCO have provided the court with a report of the commissions that Erdle purported earned as an result signing such agreements. *See* [DE-16], Mot. for TRO, Ex. A-1. In light of the evidence provided, it appears that ISCO is likely to succeed on the merits of its claim against Erdle.

### B. Likelihood of Irreparable Harm

Second, it appears that ISCO will suffer irreparable harm in the absence of temporary preliminary relief. The record suggests that Erdle was employed both as a salesman and later as a regional sales manager, for ISCO from August 25, 2003 until September 27, 2011. *See* [DE-16], Mot. for TRO, Ex. A. During this time period, ISCO contends that it made significant investments of time and money into training Erdle to become knowledgeable about its business, products, and capabilities. *See* [DE-16], Mot. for TRO, Ex. A. Moreover, in the course of this training, ISCO claims that Erdle inevitably had access to detailed, confidential information relating to ISCO's operations, sales, and marketing strategies, which he can now use to ISCO's detriment in his new position with HD supply, a purported direct competitor of ISCO. *See* [DE-16], Mot. for TRO, Ex. A. Consequently, the court finds that irreparable harm and injury may likely result without the issuance of a temporary restraining order. As such, the likelihood of irreparable harm weighs in favor of ISCO's requested temporary injunctive relief.

### C. Balance of the Equities

Third, the balance of the equities weighs in favor of ISCO. In making this assessment, the court should consider the harm likely to be suffered by the plaintiff if relief that is denied is actual and imminent or merely remote and speculative and then balance this harm or injury against the harm to the defendant if the relief is granted. *North Carolina Right to Life, Inc. v. Leake*, 108 F.Supp.2d 498, 503 (E.D.N.C. 2000). Here, again, Erdle has acquired confidential knowledge regarding ISCO's business operations, sales, and marketing strategies, and if used in favor of his current employer, HD Supply, will result in immediate and irreparable harm. On the other hand, although Erdle may be hampered in his ability to fully perform his current duties at HD Supply should the temporary restraining order be allowed, he allegedly obtained this position knowing that it would be in violation of the terms and conditions of the Non-Disclosure and Non-Competition, Non-Solicitation Agreements signed while employed at ISCO. Therefore, the court finds that, in balancing the equities, this requirement weighs in favor of ISCO.

### D. Public Interest

Finally, the court finds that the public interest is served by granting this temporary restraining order because such issuance ensures that valid contracts are enforced and makes sure that businesses are able to share confidential and proprietary information with its employees without fear it will end up in the hands of a competitor. *See Philips Electronics North America Corp. v. Hope*, 631 F.Supp.2d 705, 724 (M.D.N.C. 2009) (citation omitted). Therefore, the public interest requirement also weighs in favor of ISCO.

6

## III. CONCLUSION

Based on the aforementioned reasons, the court finds that ISCO has sufficiently satisfied the requirements for an issuance of a temporary restraining order against Erdle. However, ISCO's motion [DE-9] is **ALLOWED ONLY IN PART**. It is ADJUDGED and ORDERED that:

1. Erdle, from the date and time of the entry of this order, comply with all the terms and conditions of the Non-Disclosure and Non-Competition, Non-Solicitation Agreements until such time as the Court has an opportunity to rule on the Motion for Preliminary Injunction.

2. ISCO, within five (5) business days of the entry of this order, shall post a bond in the aggregate amount of fifty thousand dollars ($50,000), pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

3. A Hearing is set on ISCO's Motion for Preliminary Injunction before the court on Friday, November 4, 2011, at 10:00 am, in Wilmington, North Carolina, to determine if an order shall be entered in accordance with Rule 65 of the Federal Rules of Civil Procedure, preliminarily enjoining Erdle from engaging in activities which ISCO purports are in violation of the Non-Disclosure and Non-Competition, Non-Solicitation Agreements.

4. This order shall remain in full force and effect pending the November 4, 2011, hearing on ISCO's Motion for Preliminary Injunction.

5. Counsel retained by Erdle is DIRECTED to file a Notice of Appearance in this case without delay.

6. The determination as to whether any attorneys' fees are appropriate for ISCO will be made once this case has been fully adjudicated on the merits.

SO ORDERED.

This the 26th day of October, 2011.

                                                JAMES C. FOX
                                                Senior United States District Judge